UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **PHILLIP ANGEL SENTENO**,<br><br>                              Petitioner,<br>vs.<br><br>**STATE OF CALIFORNIA; DERRAL ADAMS, Warden,**<br><br>                              Respondents. | **CASE NO. 08cv0694-JLS(JMA)**<br><br>**ORDER DISMISSING CASE** |

Petitioner Phillip Angel Senteno ("Senteno"), a state prisoner proceeding *pro se* and *in forma pauperis*, sought a 28 U.S.C. § 2254 writ of habeas corpus challenging the Governor's reversal of the Board of Parole Hearings' 2006 decision to grant him parole. By Order entered December 8, 2009, the undesigned District Judge granted Senteno's Petition (Dkt No. 13), then stayed the Order in order to preserve the *status quo* pending the outcome of Respondents' appeal. The Court granted a Certificate of Appealability in consideration of the then-pending *en banc* decision in Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) settling the law in this Circuit governing post-AEDPA federal habeas claims in the denial of parole context. (Dkt Nos. 18, 19.) The Ninth Circuit similarly stayed

appellate proceedings by Order entered March 12, 2010 pending issuance of the mandate in the Hayward case. (Dkt No. 22.)

This Court entered a Case Status And Briefing Order on May 12, 2010, summarizing the procedural history of this case, noting the Hayward *en banc* decision was filed April 22, 2010, and observing that once the mandate in that case issued, the stay of appellate proceedings in this case would presumably be lifted, with the appeal proceeding thereafter in the normal course. (Dkt No. 24.) The Court clarified that jurisdiction over this matter remained at that time with the Ninth Circuit.

On April 20, 2011, the Ninth Circuit entered an Order stating: "Appellee's opposed motion to dismiss this appeal as moot is granted." (Dkt No. 28.) The mandate was entered in the docket of this case on June 29, 2011, stating: "The judgment of this Court, entered April 20, 2011, takes effect this date." (Dkt No. 30.) Although the Ninth Circuit never remanded the matter to this Court with any instructions, its intervening June 21, 2011 Order deciding Respondent/Appellant's motion to extend the time to file a petition for rehearing construed that motion as one for reconsideration of the April 20, 2011 order. (Dkt No. 29.) The court granted the motion to extend time, denied the motion for reconsideration, and stated: "Appellee Senteno does not dispute that the district court's December 8, 2009 order and judgment granting his habeas petition has been superceded by the Board of Parole Hearings' 2010 order granting parole."[1] (Id..)

The Court construes the Ninth Circuit's June 21, 2011 Order and its June 29, 2011 Mandate to mean Senteno's habeas petition in this case, including this Court's associated Order granting him relief, its Judgment, and its stay Order, have all been nullified or rendered moot. Accordingly, **IT IS HEREBY ORDERED** this case is **DISMISSED** with prejudice, and judgment shall be entered accordingly, terminating the case in its entirety.

**IT IS SO ORDERED**.

DATED: September 13, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[1] Despite the Court's instructions in three prior Orders (*see* Dkt Nos. 18, 19, 24) that Respondents promptly notify the Court of the result of their appeal and supply "appropriate stay disposition briefing," among other things, the docket reflects no such communication occurred.